The Chief Justice
delivered the opinion of the court.
A judgment shall bind lands, tenements, hereditaments or real estate, from the time of the actual entry of such judg *39 ment on the minutes or records of the court. Rev. Laws 431, sec. 2. An attachment shall bind the property and estate attached, from the time of executing the same. Rev. Laws 356, sec. 6. In each case and by almost the same words, a lien is formed. According to general principles, a lien, when fixed, remains, until legally removed. It is not defeated or weakened, nor are the legal measures, to enforce or satisfy or discharge it, precluded or frustrated by the occurrence of a subsequent lien. In some cases, however, by legislative provision, the general and common law rule in respect to the efficacy and priority of liens, has been changed, or more correctly speaking, an exception has been made to it, so that legal measures to enforce a subsequent lien may give it priority over an antecedent lien unattended by such legal measures. Thus by the fourth section of the act making lands liable to be sold for the payment of debts, among several judgments, that on which execution is first delivered to the sheriff, becomes entitled to priority and preference, and to be first satisfied from the lands of the defendant, although there may be older judgments on which executions had not been delivered or had been subsequently delivered to the sheriff. But *without this special provision, and by the operation of the general doctrine of lien, the older judgment would be entitled to be first satisfied although the execution upon it might be delivered to the sheriff subsequent to the delivery of an execution upon a younger judgment. If there are several mortgages on the same real estate, the proceedings upon a junior mortgage will not prejudice the older. If a judgment be obtained and execution levied on real estate, on which a previous mortgage exists, a sale under such execution does not remove that lien. This well settled doctrine will resolve the question proposed by the parties, in the state of the case they have agreed upon and submitted to us, on the present application for amercement. The judgment and attachment are both, as already shewn, liens. The former is the eldest. *40 B\it as between them, there is no provision in any act of the legislature which can give to the latter a prevalent force over the former, as the fourth section just now cited, gives to the earliest execution. ■ The proceedings on the attachment are subject to the previous subsisting lien; aqd measures seasonably taken to enforce the judgment may be followed out notwithstanding the attachment. If a mortgage had been placed on the real estate attached in the present instance, it is presumed no one would insist that the subsequent attachment should be preferred. Why then should it be preferred to the judgment ?
The reasoning of the sheriff’s counsel is wholly founded' on the position he has assumed, that the attachment “ has precisely the same binding force and effect as an execution,, and is to be considered the' same as to its rights of priority and preference.” Now if this position were correct, the conclusion he has deduced from it would legitimately follow.: But this position, the premises of the argument, is assumed without proof, and is not susceptible of proof. The attachment, as we have seen, has binding force and effect; so has-the judgment. But there is no statute which gives to the attachment the binding force and effect of an execution, or. like the fourth section, gives it a preference over a previous-judgment, on which an execution has not been delivered, at the service of the attachment.
The counsel of the sheriff says, “it has already been decided *by this court that a writ of attachment, issued prior to an execution and served, has the preference;”’ and he cites Lummis v. Boon, Penn. 754. But in that-case the judgment, on which the execution issued, was not obtained until alter the service of the attachment. Consequently the lien of the judgment was subsequent to the attachment, and therefore had no better, nor" indeed any other pretensions to preference than the attachment here has.
Some reliance was placed, at the argument, on the expression in Lummis v. Boon, and in Austin v. Wade, that pro *41 perty attached is in the custody of the law. But although it he so, it is subject to all previous liens and to legal measures to enforce such liens, even though the attachment should in the language of the counsel thereby become “ nugatory and void.” In affording the remedy by attachment, the legislature did not design to intermeddle with or destroy existing rights.
The counsel of the sheriff suggested that Reeves might resort to the bail in error, which are ample and sufficient. But if he is entitled to the benefit of his execution, we ought not to compel him to resort to a more difficult and hazardous remedy ; and especially as we might thereby do injustice to the bail, if obliged to pay the money and left to the very doubtful resource pointed out for them, the estate of the defendant in attachment. »
It was farther suggested that “ the sheriff, having considered the property attached, to he in the custody of the law, and not amenable to subsequent process, ought not to be amerced.” We are precluded from considering whether the sheriff in this respect, is an exception to the maxim,” “ ignorantia legis neminem ex&usat,” by the agreement of the parties who have thought proper to make the amercement depend on a different question specifically proposed in the state of the case.
We are of opinion that the lands attached, were not so bound by the writ of attachment as to prevent the sheriff from selling the same by virtue of the fieri facias. Therefore, according to the agreement of the parties,
Let the sheriff be amerced.